VINH D. NGUYEN, in pro per
1314 Lincoln Ave., Suite 2E
San Jose, CA 95125
Telephone: (408) 828-8078 * Fax (408) 624-1014
Email: vincen1947@yahoo.com

Debtor, in pro per

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVSION

| | |
|---|---|
| In re:<br><br>VINH NGUYEN,<br><br>Debtor<br>────────────<br>EMPIRE INVESTMENTS, LLC; TERI NGUYEN and VINH NGUYEN AS TRUSTEES OF NGUYEN-HA LIVING TRUST DATED 12/10/04,<br><br>Plaintiffs,<br>vs.<br><br>PAUL KIM PHONG NGUYEN; CHASE MERRITT FUND I, LLC; PARKER FORECLOSURE SERVICES, LLC; and DOES 1 through DOES 10 inclusive,<br><br>Defendants. | Case No.: AP-22-05037 MEH<br><br>Related: 22-50907 MEH Chapter 7<br>Sixth District Court of Appeals:<br>H050243; H050502<br><br>DEBTOR'S REPLY TO<br>PAUL NGUYEN'S OPPOSITION<br>TO MOTION FOR REMAND OF<br>CASE NUMBER AP- 22-05037<br><br>Date: **January 18, 2023**<br>Time: 11am<br>Place: United States Bankruptcy Court<br>280 South First Street<br>Courtroom 11<br>San Jose, California 95113 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND THE HONORABLE UNITED STATES DISTRICT JUDGE:**

You are hereby given notice Debtor Vinh Nguyen a/k/a Vince Nguyen, hereinafter "Plaintiff" or "Debtor" or "Vince" hereby files his REPLY to the opposition of Paul Kim Phong Nguyen (Paul Nguyen", or just "Paul"), to Debtor's Motion for Remand.

1

REPLY TO DEFENDANT'S OPPOSITION TO REMAND

This court ordered Defendant to file his opposition no later than December 21, 2022, with Debtor's Reply due on January 4, 2023. However, Defendant filed his untimely opposition on January 1, 2023- a federal holiday, in which the opposition was entered on January 2, 2023. This has prejudiced and harmed Debtor in preparing his REPLY to the opposition and caused his filing to be untimely.

Debtor's Chapter 13 bankruptcy was converted to a Chapter 7 on 12-07-22 (Doc. # 123)

Defendant Paul Nguyen continues to confuse Vince Nguyen's role as trustee of the Nguyen-Ha Living Trust, and as an individual as "one and the same." They are not. Vince Nguyen's interest in the claims on appeal in the state proceeding is solely as trustee of the Nguyen-Ha Trust. "A trustee may also "prosecute or defend actions, claims, or proceedings for the protection of trust property and of the trustee in the performance of the trustee's duties." (Prob § 16249, subd. (a).) A trustee prosecuting or defending claims **does so in his/her capacity as a trustee, not an individual**. *Moeller v. Superior Court*, 16 Cal.4th 1124 (Cal. 1997) (Doc. # 20, p.6:15-21; p.10:13-16; p.14:3-20) Defendant never addresses this fatal flaw in his reasoning; he in fact, ignores this bankruptcy is an individual, personal bankruptcy of Vince Nguyen not the Nguyen-Ha Trust.

Now because the Chapter 13 was converted to a Chapter 7, Defendant takes the position because of Vince Nguyen's 10% interest, the state appeal in which Vince is not a party, is now a "core proceeding" for this court because it involves property of the estate. The 10% of the property ownership becomes part of the estate, not the other 90%, and not the claims of the owner of that 90%. (i.e. Empire Investments.) The state appeal has NO claims from Vince Nguyen as an individual. *Bostanian v. Liberty Savings Bank*, 52 Cal.App.4th 1075 (Cal. Ct. App. 1997) In *Bostanian* the court reviewed a Massachusetts case in which the debtor's bankruptcy was converted to a Chapter 7, and at that time, all assets of the debtor became assets of the estate, including a claim of fraud the debtor had filed. The discussion centered on the individual's "claim" and why his claim became part of the estate; but none of those factors are present in this matter. The only similarity is Vince has ownership interest in the property, but *he has no personal interest*

*in the claims of Empire Investments or the Nguyen Ha Trust* which is what is at issue in this motion for remand.

Paul Nguyen attempts to morph the quiet title claim into a claim for the Estate, but that argument must fail. Quiet title is specific to the superiority of the party seeking quiet title, not the adverse claims. In the state proceeding, Empire Investments and the Nguyen-Ha Trust are seeking to quiet the claim of Paul Nguyen as the result of his fraudulent Note and Deed of Trust. Empire has the burden of showing superior title and why Paul Nguyen's claim should be quieted. *Potter v. Los Angeles County*, 251 Cal.App.2d 280 (Cal. Ct. App. 1967)   There is no claim by Empire or the Nguyen-Ha Trust that Vince's interest is *adverse* to theirs, which is what a quiet title claim settles. *Orcilla v. Big Sur, Inc.*, 244 Cal.App.4th 982 (Cal. Ct. App. 2016) [Quiet title claim defective if the party does not have an adverse claim.]

The state litigation is in a "frozen" state per se in that it is on appeal. Code of Civil Proc. §916(a) which provides, in pertinent part, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby." Generally speaking, the taking of an appeal deprives the trial court of jurisdiction of the cause." (3 Witkin, Cal. Procedure (1954) Appeal, § 2, at p. 2143); *People v. Sonoqui*, 1 Cal.2d 364 (Cal. 1934); *People v. Getty*, 50 Cal.App.3d 101 (Cal. Ct. App. 1975) [Court loses jurisdiction to do anything that may affect the appeal.]

Once a notice of appeal is filed, a trial court may not vacate or amend its own judgment or order or do any other act that would affect the rights of the parties or impact the issues on appeal, even with the party's consent. *Valvo v. University of Southern California*, 67 Cal.App.3d 887 (Cal. Ct. App. 1977); see also *In re the Marriage of Varner*, 68 Cal.App.4th 932 (Cal. Ct. App. 1998) [Trial Court may not make any order which will lessen effectiveness of the appellate court's opinion.]

Defendant argues that because Vince Nguyen has 10% interest in the property, the state appeal must now be part of Vince Nguyen's Bankruptcy Estate. This is simply wrong  because this argument ignores that Vince Nguyen as an individual and now Chapter 7 debtor, has no interest in the claims of Empire Investments or the Nguyen-Ha Living Trust which are at issue in

the state court appeal. There is NO PARTY in which the Chapter 7 Trustee can be substituted in as Vince Nguyen as an individual *is not a party to the state court appeal or proceeding.*

Remand is appropriate because there is no basis (or authority) for this Court to exercise jurisdiction over the state law claims, as to Paul Nguyen, that were removed to the California Court of Appeals on July 22, 2022.

Remand is appropriate as to the remaining claims to defendants Parker Foreclosure Services and Chase Merritt Fund I, LLC, as those claims were filed more than one year ago and have no relation to the bankruptcy of Vince Nguyen, as an individual. 28 U.S.C. §§ 1446(c)(1); 1334

Defendant Paul Nguyen's acts are in bad faith. Plaintiffs respectfully requests this matter be remanded and Defendant be ordered to pay Plaintiff's legal fees and costs. (See Doc. # 20)

DATE: January 6, 2023          /s/ Vinh Nguyen
                                                            Vinh Nguyen, Debtor in Pro Per

VINH D. NGUYEN, in pro per
1314 Lincoln Ave., Suite 2E
San Jose, CA 95125
Telephone: (408) 828-8078 * Fax (408) 624-1014
Email: vincen1947@yahoo.com

Debtor, in pro per

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVSION

In re:

VINH NGUYEN,

Debtor

EMPIRE INVESTMENTS, LLC; TERI NGUYEN and VINH NGUYEN AS TRUSTEES OF NGUYEN-HA LIVING TRUST DATED 12/10/04,

Plaintiffs,
vs.

PAUL KIM PHONG NGUYEN; CHASE MERRITT FUND I, LLC; PARKER FORECLOSURE SERVICES, LLC; and DOES 1 through DOES 10 inclusive,

Defendants.

AP Case No.: 22-05037
Related: Chapter 13 22-50907 (MEH)

Santa Clara Court of Appeals: H050243; H050502

**CERTIFICATE OF SERVICE**

HEARING:
Date: January 18, 2023
Time: 11:00 am
Place: United States Bankruptcy Court
280 South First Street
Courtroom 11
San Jose, California 95113

//
//
//
//

---

1

REPLY TO OPPOSITION-
CERTIFICATE OF SERVICE

I hereby certify that I am over the age of 18 years and not a party to this action. My business address is 1314 Lincoln Ave., Suite 2E, San Jose, California 95125. On the date set forth below, I served a copy of the following documents:

- **REPLY TO OPPOSITION TO MOTION TO REMAND ON AP CASE 22-05037**

on the parties listed on the attached pages by placing a true copy thereof, enclosed in a sealed envelope with First Class Postage Prepaid, for deposit in the U.S. Postal Service. The United States Trustee and all other parties who are CM/ECF registered participants in this case will receive such notice upon electronic filing of the above-named document.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATE: January 7, 2023

*Sean Nguyen* (signature)

Sean Nguyen

2
REPLY TO OPPOSITION-
CERTIFICATE OF SERVICE

**SERVICE LIST**

PAUL KIM PHONG NGUYEN aka PAUL NGUYEN
9353 Bolsa Ave., #F8
Westminster, CA 92683

3
REPLY TO OPPOSITION-
CERTIFICATE OF SERVICE